UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                :
    UNITED STATES OF AMERICA                    :
                                                :              93 Cr. 203 (LGS)
                      -against-                 :
                                                :                  ORDER
    JUAN CARLOS MUSTAFA,                         :
                             Defendant.          :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

**BACKGROUND**

        WHEREAS, in 1993, a jury convicted Defendant of twenty-two counts related to his role in

the murder and kidnapping of several individuals as part of a racketeering enterprise and his use of

firearms in violation of 18 U.S.C. § 924(c), among other offenses (Dkt. Nos. 42 & 93).  Defendant

was sentenced to multiple concurrent and consecutive sentences, including life imprisonment on

nine counts;

        WHEREAS, Defendant Juan Carlos Mustafa, acting pro se, mailed an *ex parte* motion for

sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for

appointment of counsel, dated February 28, 2021 (the "Motion").  Defendant argues two grounds

for finding extraordinary and compelling reasons to warrant a reduction of his sentence:

(1) COVID-19 and Defendant's underlying health conditions put him at high risk of injury, harm or

death while incarcerated, and (2) Defendant's sentencing for violations of 18 U.S.C. § 924(c) would

be drastically reduced if he were sentenced today.  On March 19, 2021, the Government filed a

response in opposition to the Motion (Dkt. No. 201).  Defendant submitted medical and other

records in support of his Motion, and the Government submitted additional medical records at this

Court's request.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, the parties do not dispute that Defendant has exhausted his administrative remedies as to his arguments related to COVID-19, and the Motion was filed properly;

WHEREAS, the Government represents that Defendant failed to bring his argument related to his convictions under 18 U.S.C. § 924(c) before the Bureau of Prisons ("BOP") and did not administratively exhaust those arguments. Even if Defendant has exhausted those arguments and they were meritorious, Defendant was sentenced to life imprisonment on counts unrelated to his convictions under 18 U.S.C. § 924(c), and Defendant offers no extraordinary and compelling reason to reduce his sentence for his convictions unrelated to 18 U.S.C. § 924(c).

## "EXTRAORDINARY AND COMPELLING REASONS"

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that "the court . . . may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;"

WHEREAS, when assessing a motion for compassionate release brought by a defendant, district courts have the discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020);

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling

reasons exist to justify his request for a sentence reduction. *See United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).  Because Defendant filed his compassionate release motion pro se, his submission has been interpreted liberally "to raise the strongest arguments that [it] suggest[s]." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018);

WHEREAS, the Centers for Disease Control ("CDC") has stated that people of any age with certain underlying medical conditions are at an increased risk for severe illness from the virus that causes COVID-19.  Obesity, diabetes, and heart conditions might increase an adult's risk of severe illness due to COVID-19.  *See COVID-19:  People with Certain Medical Conditions*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 29, 2021).  Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, the CDC has stated that all COVID-19 vaccines "available in the United States have been shown to be highly effective at preventing COVID-19." *COVID-19:  Benefits of Getting a COVID-19 Vaccine*, at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited March 29, 2021).  Experts believe "COVID-19 vaccine[s] may also help keep [individuals] from getting seriously ill even if [they] get COVID-19." *Id.*;

WHEREAS, Defendant is sixty-one years old and suffers from the following medical conditions, which may affect his susceptibility to the risks of COVID-19: "diabetes, high cholesterol, morbid obesity, poor blood circulation" and partial blindness.  Defendant tested positive for COVID-19 in January 2021.  Defendant received an initial dose of the COVID-19 vaccine in March 2021;

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling

circumstances warranting a sentence reduction.  First, Defendant has recovered from his COVID-19 infection, and his medical records do not support his contention that he continues to suffer effects from COVID-19.  Second, Defendant has received a vaccination for COVID-19, which has been shown to be effective at preventing serious cases of COVID-19.  Third, FCI Gilmer, where Defendant is housed, like other BOP facilities, has implemented COVID-19 mitigation measures, including masks, social distancing and temperature-taking protocols.  *See* Bureau of Prisons, *BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited March 29, 2021).  Fourth, as of April 1, 2021, FCI Gilmer has no positive cases of COVID-19 among inmates. *See* Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited March 29, 2021).  Courts have persuasively found that similar conditions do not rise to the level of extraordinary and compelling circumstances.  *See, e.g.*, *United States v. Maldonado*, No. 16 Cr. 285, 2021 WL 639069, at *4 (S.D.N.Y. Feb. 17, 2021) (holding extraordinary and compelling circumstances did not exist where prison had only one inmate currently testing positive for COVID-19 and noting defendant "would arguably encounter more COVID-19 infected persons if [he] were released to the community").  Considering this evidence, Defendant has not established that conditions at FCI Gilmer constitute an extraordinary and compelling justification for release.

## APPOINTMENT OF COUNSEL

WHEREAS, "there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and . . . the provision of counsel for such motions should rest in the discretion of the district court."  *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order) (citing *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995)); *accord United States v. Dussard*, No. 16 Crim. 673-2, 2020 WL 6263575, at *3 n.4 (S.D.N.Y. Oct. 23, 2020).  The merits of a motion for compassionate release are a "significant factor in the exercise

of that discretion." *Reddick*, 53 F.3d at 465 n.2; *accord Dussard*, 2020 WL 6263575, at \*3 n.4;

        WHEREAS, as discussed above and observed from Defendant's medical records, his motion

for compassionate release is not meritorious.  It is hereby

        **ORDERED** that Defendant's motion for appointment of counsel and for compassionate

release is DENIED.

Dated: April 2, 2021
     New York, New York

                              **LORNA G. SCHOFIELD**
                      **UNITED STATES DISTRICT JUDGE**