UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                    :
:
               -against-                            :      93 Cr. 203 (LGS)
:
JUAN CARLOS MUSTAFA,                         :      <u>ORDER</u>
                           Defendant.   :
:
------------------------------------------------------------:
                                                         X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Defendant filed a letter dated March 2, 2022, seeking compassionate release or the reduction of his sentence of imprisonment for a total term of life pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 218);

       WHEREAS, Defendant requested the appointment of counsel to help him with his motion;

       WHEREAS, "there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and . . . the provision of such counsel should rest in the discretion of the district court." *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order) (citing *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995)); *accord United States v. Dussard*, No. 16 Crim. 673-2, 2020 WL 6263575, at *3 (S.D.N.Y. Oct. 23, 2020). The merits of a motion for compassionate release are a "significant factor in the exercise of that discretion." *Reddick*, 53 F.3d at 465 n.2; *accord Dussard*, 2020 WL 6263575, at *3.

       WHEREAS, on April 29, 2022, the Government filed a response in opposition to Defendant's motion (Dkt. No. 222);

       WHEREAS, in an Order dated May 3, 2022, the Court directed Defendant to file proof of exhaustion of his administrative remedies, and directed the Government to file an affidavit from

the person at FCI Gilmer responsible for Defendant's medical care explaining in detail what care Defendant had been receiving, what further care is needed and when it is needed, and when it is or will be scheduled and with whom (Dkt. 223);

WHEREAS, on May 19, 2022, Defendant filed a letter attaching a certified mail return receipt showing that Defendant mailed a copy of his motion for compassionate release to the Warden of FCI Gilmer, where he is housed (Dkt. 225);

WHEREAS, on May 20, 2022, the Government filed the affidavit required by the Order at Dkt. No. 223.  It is hereby

**ORDERED** that, by June 3, 2022, the Government shall file a letter, not to exceed three pages, stating whether it either (1) agrees that Defendant has exhausted his administrative remedies and/or expressly waives any argument that Defendant has failed to exhaust his administrative remedies or (2) contends that Defendant has not exhausted his administrative remedies, and providing the authorities on which it relies.  It is further

**ORDERED** that Richard Jasper, CJA counsel on duty today, is appointed for the limited purposes of (1) assisting Defendant in properly exhausting his administrative remedies in the event the Court finds that Defendant has not yet done so; and (2) once Defendant has properly exhausted his administrative remedies, and if Defendant does not receive the relief sought through administrative channels, drafting and filing a renewed motion for a sentence reduction and/or compassionate release on behalf of Defendant.  It is further

**ORDERED** that the current motion for compassionate release is denied without prejudice.

The Clerk of Court is respectfully directed to close the motion at Docket Number 218.

The Government is directed to mail a copy of this Order to Defendant and file proof of service by May 31, 2022.

Dated: May 27, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**