```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   UNITED STATES OF AMERICA                                   :
                                                              :            93 Cr. 203 (LGS)
                          -against-                           :
                                                              :            OPINION AND ORDER
   JUAN CARLOS MUSTAFA,                                       :
                                        Defendant.            :
-------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Defendant Juan Carlos Mustafa, a 62 year-old man incarcerated at FCI Gilmer, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. For the reasons below, Defendant's motion is denied.

I.     **BACKGROUND**

In 1993, a jury convicted Defendant of twenty-two charges related to his role in the murder and kidnapping of several individuals as part of a racketeering enterprise, and his use of firearms in violation of 18 U.S.C. § 924, among other offenses. Defendant was sentenced principally to nine concurrent sentences of life imprisonment.

Defendant acted as the group's driver, transporting victims from the kidnapping locations to other places. He was responsible for building several bombs -- at least one of which was used to kill someone -- and torturing multiple people by wrapping wire around their fingers and electrically shocking them. Defendant built bombs out of model car chassis. A search of his home near the time of his arrest recovered 20 additional model cars.

Defendant, acting *pro se*, mailed an *ex parte* motion for sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for appointment of counsel, dated February 28, 2021 (the "First Motion"). The First Motion raised two grounds for finding extraordinary and

compelling reasons warranting a sentence reduction: (1) COVID-19 and Defendant's underlying health conditions put him at high risk of injury or death while incarcerated, and (2) Defendant's sentencing for violations of 18 U.S.C. § 924(c) would be drastically reduced if he were sentenced today. On March 19, 2021, the Government filed its opposition to the motion. Both Defendant and the Government submitted medical and other records in connection with the motion. In an Order dated April 2, 2021, the Court denied the First Motion, including the request for counsel for two reasons. First, the risks of COVID-19 did not constitute extraordinary and compelling circumstances; Defendant had already recovered from the disease and received a dose of the vaccine, and the facility where he was housed had implemented mitigation measures. And second, even if Defendant's § 924(c) argument had merit, the circumstances would not warrant a sentence reduction given Defendant's concurrent life sentences.

Defendant, still *pro se*, mailed a second motion for compassionate release and appointment of counsel, dated March 2, 2022 (the "Second Motion"). The Second Motion raises four grounds for finding extraordinary and compelling reasons for a sentence reduction: (1) Defendant's trial in 1993 featured numerous alleged constitutional violations, including (a) ineffective assistance of counsel, (b) Defendant's exclusion from the courtroom during witness testimony and (c) Defendant's inability to assist in his own defense or to understand the charges against him, proceedings in court, plea offers made to him or his constitutional and statutory rights before, during and after trial, due to his limited understanding of English and his counsel's inability to speak Spanish; (2) Defendant's health, in particular his eyesight, has deteriorated due to a combination of the harsh conditions of confinement, the inability of the Bureau of Prisons ("BOP") to provide basic medical care and the COVID-19 pandemic; (3) Defendant was sentenced when the U.S. Sentencing Guidelines were mandatory, so the sentencing court did not weigh the factors under

18 U.S.C. § 3553(a) in imposing his sentence and (4) Defendant has been rehabilitated and has maintained an impeccable record while incarcerated. The Second Motion also noted that Defendant was then 62 and had served approximately 29 years of his sentence. The Second Motion argues that his placement in a medium security prison means that the Director of the Bureau of Prisons determined that Defendant is not a danger to the community, meaning that Defendant is relatively close to qualifying for consideration of the § 3553(a) factors pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii).

On April 29, 2022, the Government filed its opposition to Defendant's Second Motion arguing that Defendant had failed to exhaust his administrative remedies, and also disputing the merits but not disputing that there had been an interruption in Defendant's medical care, specifically relating to his vision. On May 3, 2022, the Court directed Defendant to file proof of exhaustion of administrative remedies and directed the Government to file a letter regarding its plan for providing Defendant with adequate medical care. Defendant filed purported proof of service, but the Government maintained that the facility had no record of Defendant's exhausting his administrative remedies. On May 27, 2022, the Court directed the Government to file a letter stating whether it agreed that Defendant had exhausted administrative remedies. The Court also appointed counsel to assist Defendant in exhausting administrative remedies, if necessary, and help him file a renewed motion for compassionate release. The Court denied the Second Motion without ruling on the merits and without prejudice to renewal with the assistance of counsel.

On October 5, 2022, Defendant, through his appointed counsel, filed the instant third motion for compassionate release (the "Third Motion"). The Government filed its opposition on November 18, 2022, and Defendant filed a reply on December 9, 2022. On February 3, 2023, the Government filed an additional letter describing Defendant's offense conduct in more detail, citing the

presentence report. The Third Motion raises two grounds for finding extraordinary and compelling reasons for a sentence reduction: (1) Defendant's health and ongoing risk from COVID-19 and (2) Defendant's record of good behavior and rehabilitation during nearly three decades of incarceration. Attached to the Third Motion are medical records, documentation of how Defendant has spent his time in prison, and more than two dozen letters of support. Defendant has now served nearly thirty years of his sentence.

## II. STANDARD

Defendant moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018. Under that provision, before a sentence reduction can be granted, (1) "an inmate must exhaust administrative remedies by requesting such relief from prison authorities," (2) "a court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," and (3) the court must make a "finding that extraordinary and compelling reasons warrant such a reduction," "such that, in light of the[] § 3553(a) factors, a sentence reduction . . . would not simply constitute second-guessing of the sentence previously imposed."[1] *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (cleaned up); 18 U.S.C. § 3582(c)(1)(A).

A court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them" and has "discretion in determining what are extraordinary circumstances." *United States v. Brooker*, 976 F.3d 228, 234, 237 (2d Cir. 2020). The defendant bears the burden of showing he is entitled to a sentence reduction. *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021). If the defendant establishes extraordinary or compelling

---

[1] While "[t]he statute sets out a fourth requirement: that the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" "the policy statement governing compassionate release -- U.S.S.G. § 1B1.13 -- governs only motions brought by the Director of the Bureau of Prisons, not those brought directly by inmates." *Keitt*, 21 F.4th at 71 n.2 (quoting § 3582(c)(1)(A) and citing *Brooker*, 976 F.3d at 236-37).

circumstances, the potentially applicable § 3553(a) factors include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (3) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant;" (4) "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)-(2), (6); *see also Keitt*, 21 F.4th at 71.

## III.   DISCUSSION

Pursuant to the Government's letter dated June 3, 2022, the parties do not dispute that Defendant has exhausted his administrative remedies. For the reasons discussed below, the Court finds no extraordinary and compelling reasons that would warrant a sentence reduction, and in any event, no reduction is warranted based on consideration of the § 3553(a) factors.

### A.  Extraordinary and Compelling Reasons

The record does not show extraordinary and compelling reasons that justify a sentence reduction. "[A] district court's discretion in this area -- as in all sentencing matters -- is broad." *Brooker*, 976 F.3d at 237. "Where no single factor alone may justify release, the total circumstances may still rise to the level of extraordinary and compelling reasons for release." *United States v. Resto*, No. 08 Crim. 757, 2021 WL 1109467, at *2 (S.D.N.Y. Mar. 23, 2021) (internal quotation marks omitted). The Third Motion relies principally on arguments about the harsh conditions of confinement and their effect on Defendant's health, and about his rehabilitation while incarcerated. These arguments are discussed in turn below but are not analyzed in isolation.

The circumstances, considered separately and in combination, are insufficient to rise to the level of extraordinary and compelling reasons.

### 1. Rehabilitation

"Rehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason," but it is a factor to be considered. *Brooker*, 976 F.3d at 238. "To find otherwise would convert the process for obtaining compassionate release into a de facto parole system, through which defendants with good behavior are rewarded with sentence reductions," which "was not Congress' intent." *United States v. Salgado*, No. 15 Crim. 681, 2022 WL 3043100, at *2 (S.D.N.Y. Aug. 2, 2022). However, rehabilitation, in combination with other factors, may provide extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Tellier*, No. 92 Crim. 869, 2022 WL 1468381, at *3 (S.D.N.Y. May 10, 2022).

Defendant has put forward significant evidence of rehabilitation. Despite the fact that Defendant speaks little English, he has obtained his GED while incarcerated, taken social and psychology courses, and learned trade and job skills, and he is reported to be respectful to staff and inmates and to be a hard worker. In his own letters to the Court, Defendant expresses sincere remorse for his crimes and expresses his desire to spend time with his family and to serve his community.

Defendant submitted twenty-six letters from members of his family and his community attesting to his good character. Many speak to Defendant's character before he was incarcerated, including those from Dulce Espinal, Mariela Montilla, Marlene Montilla, Gladys Lewis, Kirsy Toribio, Jimenez Carolyn, Isabel Liranzo, Jay Ravenell, Jose Ortiz, Jose Toribio, Juana Polanco, Maria Pichardo, Maria Reyes, Miriam Sanchez, Theresa Pichardo, Zoilo Pichardo and Defendant's sister Maria Victoria Toribio. While those letters do not address rehabilitation, per se, they depict

Defendant as a person who is well liked in the community. Several letters, including that from Angelina Garcia, speak to the support Defendant would have if he were released. Several letters directly attest to observations of Defendant's transformation while incarcerated, including those from his aunt Josefina Toribio, his cousin Altagracia Toribio and his niece Kirsy Toribio. Letters from Defendant's immediate family address in stark terms how Defendant's incarceration has affected them and their desire to see him released. The letter from Defendant's mother Algema Toribio relates how difficult her life has been due to Defendant's incarceration, particularly because she is not well enough to visit him, and her desire to see him again. The letter from Defendant's son, Juan Mustafa, speaks to how his father helped steer him away from a similar path, and how he wishes to spend time with his father. The letter from Defendant's brother, David Toribio, states that he would watch over Defendant if released and would contact the authorities if Defendant turned toward crime again.

      Defendant's positive reputation in his community and his efforts at self-improvement while incarcerated are impressive, but are not enough to warrant a reduction of his sentence. Extraordinary rehabilitation would likely go far beyond good behavior, remorse and participation in programming. Even exceptional rehabilitation may be only one of several extraordinary and compelling reasons that together warrant release. *See United States v. Flores*, No. 97 Crim. 817, 2021 WL 3682054, at *3 (S.D.N.Y. Aug. 19, 2021). While the Court applauds Defendant's rehabilitation, it is not so far beyond what is expected that it counsels in favor of a sentence reduction, even in combination with the circumstances addressed below. *See United States v. Tillman*, No. 13 Crim. 362 (JPC), 2023 WL 355624, at *4 (S.D.N.Y. Jan. 23, 2023) ("While the Court commends [defendant] for apparently participating in positive prison programs, obtaining a GED, and maintaining a clean disciplinary record, as well as for his plans to transition back to

society, the Court does not find this progress and future plans to constitute extraordinary and compelling reasons meriting release . . . ."); *United States v. Rojas*, No. 19 Crim. 467, 2022 WL 14784607, at *4 (S.D.N.Y. Oct. 26, 2022) (similar). Even a "spotless disciplinary record," combined with "increased risks of contracting COVID-19," has been found insufficient to warrant release. *Salgado*, 2022 WL 3043100, at *1-2.

### 2. Defendant's Health and the Impact of COVID-19

During the height of the pandemic, COVID-19 often provided an extraordinary and compelling reason for a sentence reduction, particularly for those like Defendant with serious comorbidities such as diabetes mellitus. *See, e.g.*, *United States v. Rodriguez*, 492 F. Supp. 306, 310 (S.D.N.Y. 2020). However, courts more recently have been reluctant to apply a sentence reduction where "the defendant's medical conditions are under control," *United States v. Sanchez*, No. 01 Crim. 74-2, 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022), and where the defendant is fully vaccinated. *United States v. Mirabal*, No. 16 Crim. 272, 2022 WL 17547369, at *7 (S.D.N.Y. Dec. 9, 2022) ("Courts in this District have been consistent in explaining that 'the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated.'"). The risk to Defendant's health is not the only way in which COVID-19 is relevant to his motion. "[T]he pandemic, aside from posing a threat to [his] health, has made [defendant's] incarceration harsher and more punitive than would otherwise have been the case." *Rodriguez*, 492 F. Supp. at 311.

While the harshness of Defendant's incarceration and his medical conditions have been exacerbated by the COVID-19 pandemic, its impact on Defendant does not rise to the level of extraordinary and compelling reasons. Defendant is fully vaccinated. For a time, Defendant's medical conditions were not under control, as he could not access needed ophthalmological care

while FCI Gilmer lacked a proper provider.  Defendant also contracted COVID-19 once and survived but suffered during his illness.  Defendant is now blind in one eye, and his vision in his other eye is compromised.  However, Defendant's care has now resumed, and he does not argue that any of his medical conditions are currently unmanaged.  The harshness of the pandemic and the risk to Defendant's health have now been mitigated to the point that there are no extraordinary and compelling reasons for a sentence reduction at this time.  *See Rojas*, 2022 WL 14784607, at *3-4 (addressing similar facts and collecting cases); *United States v. Simon*, No. 18 Crim. 339-1, 2022 WL 17414349, at *3 (S.D.N.Y. Dec. 5, 2022) (noting the "stable" conditions at a facility with a low infection rate, and finding that the "'far more severe and punitive' incarceration . . . during the pandemic" "alone does not support a finding of extraordinary and compelling circumstances."); *see also* Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Feb. 14, 2023) (as of February 14, 2023, FCI Gilmer has one inmate case and two staff cases of COVID-19).  If Defendant's health or the conditions of his confinement materially worsen, the analysis may be different, but the general impact of COVID-19 and its interaction with Defendant's current medical conditions is insufficient.

### B.  § 3553(a) Factors

Even if Defendant had identified extraordinary and compelling circumstances warranting a sentence reduction, a reduction would not be appropriate in light of the factors sentencing courts must consider under 18 U.S.C. § 3553(a).

Defendant's memorandum of law -- and many of his letters of support -- focus on the fact that Defendant is no longer a danger to the community, and that he will contribute positively if released because his incarceration has provided him with educational and vocational training.  § 3553(a)(2)(C), (D).  Both of those factors weigh in Defendant's favor.  Several of the letters

while FCI Gilmer lacked a proper provider.  Defendant also contracted COVID-19 once and survived but suffered during his illness.  Defendant is now blind in one eye, and his vision in his other eye is compromised.  However, Defendant's care has now resumed, and he does not argue that any of his medical conditions are currently unmanaged.  The harshness of the pandemic and the risk to Defendant's health have now been mitigated to the point that there are no extraordinary and compelling reasons for a sentence reduction at this time.  *See Rojas*, 2022 WL 14784607, at *3-4 (addressing similar facts and collecting cases); *United States v. Simon*, No. 18 Crim. 339-1, 2022 WL 17414349, at *3 (S.D.N.Y. Dec. 5, 2022) (noting the "stable" conditions at a facility with a low infection rate, and finding that the "'far more severe and punitive' incarceration . . . during the pandemic" "alone does not support a finding of extraordinary and compelling circumstances."); *see also* Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Feb. 14, 2023) (as of February 14, 2023, FCI Gilmer has one inmate case and two staff cases of COVID-19).  If Defendant's health or the conditions of his confinement materially worsen, the analysis may be different, but the general impact of COVID-19 and its interaction with Defendant's current medical conditions is insufficient.

    **B.  § 3553(a) Factors**

Even if Defendant had identified extraordinary and compelling circumstances warranting a sentence reduction, a reduction would not be appropriate in light of the factors sentencing courts must consider under 18 U.S.C. § 3553(a).

Defendant's memorandum of law -- and many of his letters of support -- focus on the fact that Defendant is no longer a danger to the community, and that he will contribute positively if released because his incarceration has provided him with educational and vocational training.  § 3553(a)(2)(C), (D).  Both of those factors weigh in Defendant's favor.  Several of the letters

emphasize that, outside of the crimes of which Defendant was convicted, he was a person of good character, and there is no evidence that Defendant had a significant criminal history. § 3553(a)(1).

But those factors must be weighed against others that weigh strongly against Defendant. The sentencing judge, who presided over Defendant's trial and heard the evidence against him, had greater insight into the nature and severity of Defendant's crimes than a brief written description can provide. Indeed, even the written description is shocking, as it includes acts of torture and the building of bombs that would be expected to cause indiscriminate damage. Defendant's concurrent life sentences reflect the sentencing judge's clear sense that life was the appropriate sentence. After considering the § 3553(a) factors, there is no reason to disturb that judgment at this time.

Reducing Defendant's sentence to thirty years would be inappropriate in light of "the nature and circumstances of the offense," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence" of others. § 3553(a)(1), (2)(A), (2)(B). No party has offered evidence of the sentences served by "defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), but it is unlikely that many have been found guilty of similar conduct. According to U.S. Sentencing Commission data, the average federal sentence for murder in fiscal years 2016 through 2021 was between 20 and 25 years, U.S. Sent'g Comm'n, Interactive Data Analyzer, https://ida.ussc.gov/analytics/saw.dll?Dashboard (last visited February 14, 2023). But as discussed above, Defendant was not convicted of an average murder. Defendant was sentenced for his involvement in numerous murders and kidnappings, several under particularly egregious circumstances. Defendant's sentence is appropriate to reflect the seriousness of those offenses and to achieve the other goals of punishment listed above.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for a sentence reduction is DENIED without prejudice to its renewal should Defendant's health significantly worsen with the passage of time or should other reasons arise that are not present at this time.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 238.

Dated: February 14, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**