UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA                                      :
                                                              :    93 Cr. 203-6 (LGS)
            -against-                                         :
                                                              :    **ORDER**
JUAN CARLOS MUSTAFA,                                          :
                                  Defendant.                  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

   A. **Background**

WHEREAS, in 1993, a jury convicted Defendant of twenty-two charges related to his role in the murder and kidnapping of several individuals as part of a racketeering enterprise, and his use of firearms in violation of 18 U.S.C. § 924, among other offenses. Defendant was sentenced principally to nine concurrent sentences of life imprisonment.

WHEREAS, on February 28, 2021, Defendant, acting *pro se* (representing himself without a lawyer), mailed a motion for a sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for the appointment of counsel (the "First Motion"). The First Motion raised two grounds for finding extraordinary and compelling reasons warranting a sentence reduction: (1) Defendant's underlying health conditions and the ongoing risk from COVID-19 placed him at high risk of injury or death while incarcerated, and (2) Defendant's sentencing for violations of 18 U.S.C. § 924(c) would be drastically reduced if he were sentenced today. On March 19, 2021, the Government filed an opposition to the motion.

WHEREAS, in an order dated April 2, 2021, the First Motion was denied, including the request for counsel, for two reasons. First, the risks of COVID-19 did not constitute extraordinary and compelling circumstances and second, even if Defendant's § 924(c) argument had merit, the circumstances would not warrant a sentence reduction given Defendant's concurrent life sentences.

WHEREAS, on March 2, 2022, Defendant, still *pro se* (representing himself without a lawyer), mailed a second motion for compassionate release and appointment of counsel (the "Second Motion"). The Second Motion raises four grounds for finding extraordinary and compelling reasons for a sentence reduction: (1) Defendant's trial in 1993 featured numerous alleged constitutional violations, including (a) ineffective assistance of counsel, (b) Defendant's exclusion from the courtroom during witness testimony and (c) Defendant's inability to assist in his own defense or to understand the charges against him, proceedings in court, plea offers made to him or his constitutional and statutory rights before, during and after trial, due to his limited understanding of English and his counsel's inability to speak Spanish; (2) Defendant's deteriorating health; (3) Defendant's having been sentenced when the U.S. Sentencing Guidelines were mandatory, so that the sentencing court did not weigh the factors under 18 U.S.C. § 3553(a) in imposing his sentence and (4) Defendant's rehabilitation and having maintained an impeccable record while incarcerated.

WHEREAS, on April 29, 2022, the Government filed its opposition to Defendant's Second Motion asserting that Defendant had failed to exhaust his administrative remedies and disputing the merits of Defendant's arguments for a sentence reduction, but not disputing an interruption in Defendant's medical care, specifically relating to his vision.

WHEREAS, on May 27, 2022, the Court appointed counsel to assist Defendant in exhausting administrative remedies, if necessary, and help him file a renewed motion for compassionate release. The Second Motion was denied without a ruling on the merits and without prejudice to renewal with the assistance of counsel.

WHEREAS, on October 5, 2022, Defendant, through counsel, filed a third motion for compassionate release (the "Third Motion"). The Government filed its opposition on November 18,

2022, and Defendant filed a reply on December 9, 2022.  On February 3, 2023, the Government filed an additional letter describing Defendant's offense conduct in more detail, citing the presentence report.  The parties no longer disputed that Defendant had exhausted his administrative remedies.  The Third Motion raises two grounds for finding extraordinary and compelling reasons for a sentence reduction:  (1) Defendant's health and ongoing risk from COVID-19 and (2) Defendant's record of good behavior and rehabilitation during nearly three decades of incarceration.

WHEREAS, the Third Motion was denied in a February 14, 2023, Opinion and Order (the "February 14 Decision").  The February 14 Decision found that there were no extraordinary and compelling reasons that would warrant a sentence reduction, as Defendant had not established extraordinary rehabilitation and Defendant's health concerns had been mitigated.  The February 14 Decision also found that the § 3553(a) factors did not weigh in Defendant's favor given the severity of Defendant's crimes and his concurrent life sentences.

WHEREAS, on March 18, 2024, Defendant filed the instant motion for reconsideration of the February 14 Decision.  Defendant argues that this motion is not untimely as he did not receive the February 14 Decision until March 11, 2024.  Defendant raises substantially similar arguments as in his prior motions for sentence reduction.  He argues that (1) due to his inability to understand English during the trial, he lacks knowledge of the evidence relied upon to convict him; (2) a brief from the appeal of Defendant's conviction argued Defendant was not involved in the murders; (3) Defendant's conviction and sentence were imposed prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), resulting in his improperly being held culpable for his co-defendants' actions and (4) the § 3553(a) factors weigh in Defendant's favor, including his record of rehabilitation and the inadequate medical care he has received.  On April 25,

2024, the Government filed its opposition to Defendant's motion for reconsideration, and on May 31, 2024, Plaintiff filed a reply.

    B. <u>Reconsideration</u>

    WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). Courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y. Apr. 11, 2022). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Suarez*, 2022 WL 1078436, at *2.

    WHEREAS, the prior decisions on the First and Third Motions considered and rejected Defendant's arguments regarding extraordinary and compelling reasons for release and the § 3553(a) factors, including Defendant's record of rehabilitation and inadequate medical care received while in prison. Even assuming Defendant's motion is timely, the motion does not raise

4

new evidence, identify an intervening change in the controlling law, or demonstrate that the prior decisions were the result of clear error or a manifest injustice.

### C. Challenge to Conviction

WHEREAS, "[i]f a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations. A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582." *United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022), *cert. denied sub nom. Orena v. United States*, 143 S. Ct. 1025 (2023). "[A]rguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255." *Id.*

WHEREAS, Defendant's arguments that he did not participate in the murder of any person go to the propriety of his underlying conviction. At this point in Defendant's case, these arguments may be raised, if at all, only through collateral review procedures pursuant to 28 U.S.C. § 2255, and not through the instant motion for reconsideration of the denial of the Third Motion for compassionate release. It is hereby

**ORDERED** that Defendant's motion for reconsideration is **DENIED**.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of the Court is respectfully directed to close the motion at Dkt. No. 255 and to mail a copy of this Order to Defendant.

Dated: June 6, 2024
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

5