UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS MUSTAFA, | |
| Movant, | 24-CV-7288 (LGS) |
| -against- | 93-CR-0203-6 (LGS) |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent. | |

LORNA G. SCHOFIELD, United States District Judge:

Movant Juan Carlos Mustafa, who is currently incarcerated at FCI Gilmer in Glenville,

West Virginia, brings this *pro se* motion under 28 U.S.C. § 2255 challenging the legality of his

sentence entered in *United States v. Paige (Mustafa)*, No. 93-CR-0203-6 (LGS) (S.D.N.Y. Apr. 8,

1994). For the following reasons, the Court directs Mustafa to file a declaration within sixty days

of the date of this order showing cause why this motion should not be denied as time-barred.

## BACKGROUND

In an April 6, 1994 judgment of conviction, which was entered on April 12, 1994,

Mustafa was convicted of twenty-two charges arising from his role in a racketeering enterprise

involving the murder and kidnapping of several individuals and his use of firearms in violation

of 18 U.S.C. § 924(c). *See United States v. Paige (Mustafa)*, No. 93-CR-0203-6 (LGS) (S.D.N.Y.

Apr. 8, 1994). The court sentenced Mustafa to multiple concurrent and consecutive sentences,

including life imprisonment on nine counts. The Court of Appeals affirmed Mustafa's conviction,

*United States v. Paige*, 47 F.3d 1158 (2d Cir. Jan. 19, 1995) (table), and, on May 30, 1995, the

Supreme Court denied his petition for a writ of *certiorari*, *Herrera (Mustafa) v. United States*,

515 U.S. 1110 (May 30, 1995). Mustafa filed this Section 2255 motion on or around September

20, 2024.

**DISCUSSION**

Mustafa's application appears to be time-barred. A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Although Mustafa does not indicate the date that he signed the motion or when he placed his motion in the prison mail collection box, the envelope containing his motion was postmarked on September 20, 2024, more than twenty-nine years after the Supreme Court denied his petition for a writ of *certiorari*.[1]

In his motion, Mustafa asserts that he "lacked the tools and resources required" to file a timely Section 2255 motion. (ECF 1, at 22.) The Court of Appeals for the Second Circuit has held that to equitably toll the limitations period for a Section 2255 motion, a movant must show "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence through the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*). Mustafa's alleged lack of resources and tools is not an extraordinary circumstance warranting equitable tolling. *See Mejia v. United States*, 862 F. Supp. 2d 263, 276 (E.D.N.Y. May 24, 2012) (finding a "lack of legal training" is not sufficient to show

---

[1] Under the prison-mailbox rule, a prisoner's submission is deemed filed when he places it in the prison mailing system for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). "[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order). Because Mustafa does not indicate the date that he signed the motion or date that he placed his motion into the prison mailing system, the Court assumes for the purposes of this order that the motion is deemed filed sometime around September 20, 2024, the date it was postmarked.

extraordinary circumstances). Moreover, Mustafa alleges no facts suggesting that he acted with reasonable diligence throughout the almost-twenty-nine-year period which he seeks to equitably toll.

The Court directs Mustafa to show cause within sixty days why this motion should not be denied as time-barred. Mustafa should allege any additional facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

## CONCLUSION

Mustafa is directed to file a declaration within sixty days of the date of this order showing cause why the motion should not be denied as time-barred. For his convenience, a declaration form is attached to this order. If Mustafa files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on Respondent. If Mustafa fails to comply with this order, the motion will be denied as time-barred. No answer will be required at this time.

Because Mustafa has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 1, 2024
          New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____

Executed on (date)               Signature

_____    _____

Name                             Prison Identification # (if incarcerated)

_____    _____  _____  _____

Address                          City               State      Zip Code

_____    _____

Telephone Number (if available)  E-mail Address (if available)