UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                        :
UNITED STATES OF AMERICA,            :
                                        :
        -against-                         :
                                        :      93 Crim. 203-6 (LGS)
JUAN CARLOS MUSTAFA,             :
                Defendant.  :
                                        :
-----------------------------------------------------------:        **<u>ORDER</u>**
                                        :
JUAN CARLOS MUSTAFA,             :
                    Plaintiff,   :
                                        :
        -against-                         :      24 Civ. 7288 (LGS)
                                          :
UNITED STATES OF AMERICA,            :
                Defendant.  :
                                        :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the Order, dated January 16, 2025, denied Mustafa's motion to vacate his sentence under 28 U.S.C. § 2255 because it was untimely.

      WHEREAS, on February 21, 2025, Mustafa moved to reconsider the Order, arguing that (1) a statement contained in the Government's submission on April 24, 2024, that Mustafa did not directly kill any victim supported Mustafa's factual innocence; (2) Mustafa was abandoned by his counsel and (3) both grounds support equitable tolling of his claims.

      WHEREAS, the motion to reconsider is denied because Mustafa did not "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," as required for reconsideration. *United States v. Wilson*, No. 13 Crim. 777, 2025 WL 672950, at *1 (S.D.N.Y. Mar. 3, 2025).[1]

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, Mustafa's argument that the Government's submission attested his factual innocence is incorrect.  The submission states that Mustafa did not directly kill the victims, but "played a key role in the sequence of events that led up to their deaths," supporting Mustafa's convictions.

WHEREAS, Mustafa's argument that the ineffective assistance of counsel he received justified equitable tolling was considered and rejected in the January 16, 2025, Order.  "[A] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Bright v. United States*, No. 18 Crim. 56-1, No. 23 Civ. 4524, 2024 WL 5301744, at *1 (S.D.N.Y. Dec. 18, 2024).  It is hereby

**ORDERED** that Defendant's motion for reconsideration is **DENIED**.  The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to close the motions at Dkt. 287 in No. 93 Crim. 203 and Dkt. 8 in No. 24 Civ. 7288, and to mail a copy of this Order to Defendant.

Dated: March 14, 2025
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**