UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
UNITED STATES OF AMERICA,

          -against-                         93 Crim. 203-6 (LGS)

JUAN CARLOS MUSTAFA,
                        Defendant.

-------------------------------------------------------------:    **<u>ORDER</u>**

JUAN CARLOS MUSTAFA,
                        Petitioner,

          -against-                         24 Civ. 7288 (LGS)

UNITED STATES OF AMERICA,
                        Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on September 24, 2024, Petitioner, Juan Carlos Mustafa, proceeding pro se, moved to vacate his sentence under 28 U.S.C. § 2255 on the ground of, among others, ineffective assistance of counsel due to a language barrier because Petitioner does not speak or understand English.

       WHEREAS, the Order dated January 16, 2025, denied Petitioner's petition as untimely because Petitioner filed the motion more than one year after he discovered alleged errors in his case. "A 1-year period of limitation shall apply to a motion under [§ 2255]. The limitation period shall run from the latest of . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)).

       WHEREAS, the Order dated March 14, 2025, denied Petitioner's motion to reconsider the January 16, 2025, denial because (1) Petitioner did not demonstrate that he was factually innocent

and (2) Petitioner's ineffective assistance of counsel claim was considered and rejected as untimely.

WHEREAS, on April 14, 2025, Petitioner filed the instant motion again seeking reconsideration of the denial of his § 2255 petition, on the ground that the language barrier deprived him of the access to the courts.

WHEREAS, a party seeking reconsideration bears the high burden of "identif[ying] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Wilson*, No. 13 Crim. 777, 2025 WL 672950, at *1 (S.D.N.Y. Mar. 3, 2025).[1]  "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *United States v. Chambers*, No. 13 Crim. 345-3, 2024 WL 3161663, at *1 (S.D.N.Y. June 25, 2024).  Because Defendant proceeds pro se, his submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).  Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

WHEREAS, Petitioner's access-to-courts argument originates from the same language barrier underlying Petitioner's original claim of ineffective assistance of counsel and "could have been raised before the decision" on the § 2255 motion or the first motion to reconsider. *Chambers*, 2024 WL 3161663, at *1.  Petitioner identifies no "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" that warrants reconsideration. *Wilson*, 2025 WL 672950, at *1.  It is hereby

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

**ORDERED** that Defendant's second motion for reconsideration is **DENIED**. The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to close the motion at Dkt. 11 in No. 24 Civ. 7288, and to mail a copy of this Order to Defendant.

Dated: May 21, 2025
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**